20-2296-pr
Zaire Paige v. Stewart Eckert, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of March, two thousand twenty one.

Present:     ROSEMARY S. POOLER,
             RICHARD J. SULLIVAN,
             MICHAEL H. PARK,
                         *Circuit Judges*.

_____

ZAIRE PAIGE,

                 *Petitioner-Appellant*,

                 v.                                                          20-2296-pr

STEWART ECKERT, SUPERINTENDENT
WENDE CORRECTIONAL FACILITY,
LETITIA JAMES, ATTORNEY GENERAL
OF NEW YORK,

                 *Respondents-Appellees*.[1]

_____

Appearing for Appellant:     Lorca Morello (Richard Joselson, *on the brief*), The Legal Aid
                             Society, Criminal Appeals Bureau, New York, N.Y.

Appearing for Appellee:      Terrence F. Heller, Assistant District Attorney (Leonard Joblove,
                             Camille O'Hara Gillespie, Assistant District Attorneys, *on the*

_____

[1] The Clerk of Court is respectfully directed to amend the caption as set forth above.

*brief*) *for* Eric Gonzalez, District Attorney Kings County, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Brodie, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of District Court be and it hereby is **AFFIRMED**.

Zaire Paige appeals from the July 9, 2020 judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*) denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On November 12, 2010, after a jury trial in Kings County Supreme Court (the "Trial Court"), Paige was convicted of one count of murder in the second degree, three counts of assault in the first degree, one count of assault in the second degree, and one count of criminal possession of a weapon in the second degree. On January 24, 2011, the Trial Court issued its judgment and sentenced Paige to a total prison term of 107 years to life. Paige appealed his conviction to the New York Supreme Court Appellate Division, Second Department, alleging the Trial Court violated his constitutional right to be present during his trial by ejecting him from the court and refusing to readmit him. The Appellate Division affirmed the conviction. *People v. Paige*, 22 N.Y.S.3d 220, 229 (2d Dep't 2015). The Appellate Division reviewed Paige's behavior and held that his "actions throughout the course of the trial constituted disruptive conduct warranting [his] exclusion from the courtroom." *Id*. at 225 (citations omitted). It also held that the Trial Court was within its discretion in declining to credit Paige's proffered willingness to comport himself appropriately and refusing to readmit him to the courtroom. *Id*. at 226. Finally, the Appellate Division held that the Trial Court "did not improvidently exercise its discretion in declining defense counsel's request to permit [Paige] to view the proceedings from a remote location." *Id*. The New York Court of Appeals twice denied Paige's request for leave to appeal. *People v. Paige*, 27 N.Y.3d 1073 (2016); *People v. Paige*, 27 N.Y.3d 1137 (2016).

We review a district court's denial of a petition for habeas corpus de novo, and its underlying findings of fact for clear error. *Ramchair v. Conway*, 601 F.3d 66, 72 (2d Cir. 2010). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a state court adjudicates a petitioner's habeas claim on the merits, a district court may grant relief only where the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1)-(2). This standard is extremely deferential to state court determinations. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks omitted). "We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (alteration and internal quotation marks omitted).

We conclude that the district court did not err in holding that the Appellate Division reasonably applied federal law when it rejected Paige's claim that he was denied his constitutional right to be present at trial. The relevant clearly established law for AEDPA purposes is the Supreme Court's decision in *Illinois v. Allen*, where the Court held that "a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." 397 U.S. 337, 343 (1970) (footnote omitted). The Supreme Court also held that, "[o]nce lost, the right to be present can, of course, be reclaimed as soon as the defendant is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings." *Id.* Paige argues that the Appellate Division's decision was an unreasonable application of *Allen* both with respect to his initial ejection and his continued exclusion. We disagree.

Paige correctly notes that Allen's behavior was substantially more disruptive than Paige's. *See id*. at 339-41 (observing that throughout the course of the trial, Allen made direct threats to the judge's life, threw his papers across the courtroom, and made repeated outbursts regarding the intervention of his stand-by counsel). But we cannot say that the Appellate Division unreasonably applied *Allen* to the circumstances presented here. Indeed, our Court has held that a defendant may be removed for conduct significantly less egregious than Allen's. *See Norde v. Keane*, 294 F.3d 401, 413 (2d Cir. 2002) ("While Norde's behavior was significantly less egregious than that of the defendant in *Allen*, we conclude that Norde's removal was within the trial judge's broad discretion."). The Trial Court acted within its broad discretion in initially removing Paige from the courtroom. Paige argues that the Trial Court failed to provide the requisite warnings before his removal, describing the Trial Court's admonition of "Be quiet. If you want to testify, you can take the stand" as a sarcastic taunt rather than the constitutionally required warnings regarding removal. Appellant's Br. at 48. While the remark about testifying may not have been the most appropriate response to Paige's outburst, the instruction to "[b]e quiet" was clearly a lawful directive that Paige ignored. Furthermore, the Appellate Division found that Paige received numerous prior warnings that efforts to delay the trial would lead to it proceeding without him. *See Paige*, 22 N.Y.S.3d at 225-26. The record supports this finding, as Paige was repeatedly warned of the potential consequences of his prior behavior during disputes with the Trial Court about his clothing and production to the courtroom. The Trial Court did not err in ejecting Paige.

The Trial Court's refusal to readmit Paige after his ejection presents a closer question, but, under the standards provided by AEDPA, the Appellate Division did not misapply *Allen* in affirming the Trial Court's refusal to readmit Paige. The parties dispute the factual record on several matters relevant to Paige's credibility and pattern of conduct. Paige argues that the Trial Court improperly shaded the facts regarding Paige's absences prior to his exclusion and included disruptions not evident in the record. There is no basis to find that the Trial Court misrepresented the events prior to the confrontation. Paige was late to the courtroom several times, and the Trial Court described these incidents as deliberate attempts to frustrate the proceedings. We review the factual record regarding exclusion in habeas cases through a doubly deferential lens. *See Jones v. Murphy*, 694 F.3d 225, 241 (2d Cir. 2012) ("When [the deferential decision to exclude] is

3

viewed through the additionally deferential lens of § 2254(d), the bar to relief is a high one." (citation and internal quotation marks omitted)).

Although *Allen* instructs courts to readmit a defendant who is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings, the Trial Court was permitted to examine Paige's pattern of behavior in declining to credit his stated willingness to behave appropriately. *Allen* does not require automatic readmission; rather, courts must only readmit defendants where "[the defendant] satisfactorily demonstrate[s] that he would not be violent or disruptive." *Id.* at 240. The Supreme Court in *Allen* noted that the discretion afforded regarding trial applied more broadly than to the specific facts of the case, explaining that "trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case." 397 U.S. at 343.

Here, Paige's pattern of behavior throughout the trial provides sufficient support for the Trial Court's refusal to readmit him. The Trial Court found Paige engaged in further delaying tactics after his exclusion by deliberately choosing to absent himself from the courthouse once trial resumed. Paige argues that the Trial Court failed to properly examine the circumstances of his absence, merely reciting what he was informed by court personnel. Paige contends that the Trial Court should have engaged in a more searching inquiry. However, applying the deferential standard of review, the Trial Court permissibly found that Paige voluntarily absented himself from the trial through more delaying tactics after his ejection. Given this behavior, the Trial Court was entitled to conclude that Paige could not satisfactorily demonstrate that he would behave with proper decorum. *See Jones*, 694 F.3d at 240-44. Thus, despite Paige's repeated promises to demonstrate decorum and *Allen*'s admonition for courts to readily readmit defendants, fair-minded jurists could reasonably disagree as to whether Paige had exhibited a willingness to forego further disruption of the trial proceedings. Accordingly, he is not entitled to relief under AEDPA's demanding standards. *See Harrington*, 562 U.S. at 101.

Paige also argues that the Trial Court violated his constitutional right to be present by denying his request to observe the trial through closed-circuit video after his exclusion. The Trial Court refused to accommodate this request. The Trial Court did not explain this denial beyond stating that Paige had waived his right to be present and that it would not alter the proceedings for his benefit after his disruptive behavior. The Appellate Division rejected Paige's argument that this constituted reversible error, explaining, "while a trial court that readily possesses the means to do so should generally permit a defendant who has been excluded from the courtroom to observe the proceedings from a remote location in order to minimize the possib[i]l[it]y of prejudice, we conclude that under the particular circumstances of this case, the court did not improvidently exercise its discretion in declining defense counsel's request to permit the defendant to view the proceedings from a remote location." *Paige*, 22 N.Y.S.3d at 226 (citations omitted). The Supreme Court has never held that an excluded defendant has a right to observe his trial through alternative mechanisms. Accordingly, the Appellate Division did not unreasonably apply clearly established federal law when it affirmed the Trial Court's rejection of Paige's proposed accommodation.[2]

---

[2] While the right to observe a trial after exclusion has not been clearly established by the Supreme Court, Justice Brennan in *Allen* did offer the following counsel to trial courts: "[W]hen

4

We have considered the remainder of Paige's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

a defendant is excluded from his trial, the court should make reasonable efforts to enable him to communicate with his attorney and, if possible, to keep apprised of the progress of his trial. Once the court has removed the contumacious defendant, it is not weakness to mitigate the disadvantages of his expulsion as far as technologically possible in the circumstances." 397 U.S at 351 (Brennan, *J.*, concurring).